**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TAMARA BAINES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:19-CV-00279-TWT-JSA |
| CITY OF ATLANTA, GEORGIA; and ROBIN SHAHAR, in her individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROBIN SHAHAR'S BRIEF IN SUPPORT OF HER SECOND MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.    INTRODUCTION**

Plaintiff filed this action against Ms. Shahar in her individual capacity for violating 42 U.S.C. § 1983 ("Section 1983") by allegedly sexually harassing her and subjecting her to workplace gender discrimination in violation of the Equal Protection Clause. (Amended Complaint, Count I). On April 11, 2019, Ms. Shahar filed a Motion for Judgment on the Pleadings, which this Court denied while permitting Plaintiff to amend her Complaint. This Court's Report and Recommendation, adopted August 1, 2019, suggested that Plaintiff's hostile work environment claim may be time-barred, but stopped short of doing so. (Doc. 42 at

1

15). Ms. Shahar asks the Court to specifically preclude that claim as time-barred. Additionally, the Court's analysis raised additional theories of liability that Ms. Shahar addresses herein.

Altogether, Plaintiff's claim against Ms. Shahar should be dismissed in its entirety for three reasons. First, the statute of limitations bars Plaintiff's hostile work environment claim. Next, any remaining gender discrimination claim flunks the pleading requirements of *Twombly* and *Iqbal*. Finally, Ms. Shahar cannot be held individually liable as a matter of law and in light of Plaintiff's pleading deficiencies.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A.     Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard applicable to a motion for judgment on the pleadings is the same as for a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) -- for a failure to state a claim upon which relief can be granted -- except that a reviewing court may consider, in addition to the Amended Complaint and any appropriate attachments, Ms. Shahar's Answer and appropriate exhibits submitted therewith. *See Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002);

*Hawthorne v. Mac Adjustments, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Provident Mutual Life Ins. Co. v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) (Hall, J.). Thus, "[j]udgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne*, 140 F.3d at 1370. "A motion for judgment on the pleadings must be sustained where undisputed facts appearing in the pleadings show that no relief can be granted." *Provident*, 864 F.Supp. at 1278.

Additionally, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this plausibility standard, a plaintiff must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conversely, a complaint should be dismissed if it "tenders 'naked assertions' devoid of 'further factual enhancement,'" or does not contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of the claim. *Twombly*, 550 U.S. at 556; Iqbal, 556 U.S. at 678 (citations omitted). While a court is required to accept

as true the factual assertions contained in a complaint, it is not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Hostile Work Environment Claim is Barred by the Statute of Limitations.

Ms. Shahar previously contended that Plaintiff's single claim was time-barred, and she revives that argument as to Plaintiff's claim under a hostile work environment theory of liability.

Plaintiff's sexual harassment and gender discrimination claims against Ms. Shahar are brought exclusively pursuant to Section 1983. (Am. Compl., ¶¶ 142-155). Section 1983 is the vehicle to remedy purported violations of the Equal Protection Act. *Davis v. DeKalb Cty., Ga.*, No. 1:03-CV-2853-WSD, 2005 WL 8154356, at *7 (N.D. Ga. May 31, 2005), report and recommendation adopted, No. 1:03-CV-2853-WSD, 2005 WL 8154358 (N.D. Ga. July 25, 2005).

The statute of limitations for Section 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). In Georgia, the statute of limitations for such causes of action is two years. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). In sexual harassment cases, the statute of limitations begins when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his

4

rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (internal citations omitted).

Here, Plaintiff failed to bring her Section 1983 claim against Ms. Shahar within two years of their last interaction with one another. Specifically, Ms. Shahar has had no contact with Plaintiff since December 6, 2016, the day Plaintiff left her City of Atlanta workplace, and after which she did not return to work. *See* Am. Compl. ¶¶ 80, 96, 100, 113, 129, 131;[1] Shahar Answer ¶¶ 89, 90; Shahar Decl ¶ 8.[2]

Indeed, Plaintiff makes no allegations regarding Ms. Shahar after Plaintiff took a medical leave of absence on December 6, 2016. Even after amending her complaint, Plaintiff makes no such allegation. *Compare* Compl. *with* Amd. Compl. Thus, any potential hostile work environment cause of action by Plaintiff against Ms. Shahar accrued no later than December 6, 2016, the last possible date Plaintiff purportedly had the requisite facts to make her aware of a potential claim. *See Mullinax*, 817 F.2d at 716. Plaintiff could not have been subjected to a hostile work environment after that date since she was not present in the work place. Plaintiff must then have filed suit no later than December 6, 2018. However, Plaintiff did

---

[1] Ms. Shahar refers to these paragraphs solely for the timeline established thereby; these references do not modify the responses set forth in her Answer.

[2] The Court may properly consider Ms. Shahar's Declaration at this stage. *See Horsley*, 304 F.3d at 1134-35; *Hawthorne*, 140 F.3d at 1370; *Provident Mutual Life Ins. Co.*, 864 F. Supp. at 1278.

not file her Complaint until January 15, 2019 − over a month after the applicable statute of limitations ran.

The Court previously recognized that "[i]f, as the allegations suggest, Plaintiff and Shahar last interacted and shared a working environment prior to the limitations period, it is reasonable to question how any claim based on a hostile work environment might be timely." (Doc. 42 at 15). However, it stopped short of dismissing that theory of liability. In this second motion, Ms. Shahar asks the Court to explicitly dismiss Plaintiff's hostile work environment theory of liability as time-barred.

### C. Plaintiff's Remaining Gender Based Discrimination Theories Flunk the Federal Pleading Requirements.

As the Court identified in its Report and Recommendation, each potential theory of recovery under the sexual harassment umbrella must comply with the notice pleading requirements. Ms. Shahar now asks the Court to dismiss these remaining theories of liability as Plaintiff has not pled sufficient facts to state a claim under either a *quid pro quo* or a disparate treatment theory of liability.

> *1.   Plaintiff Cannot Proceed Under a Quid Pro Quo Theory Because She Contends She was Terminated on the Basis of Disability, Not Sex.*

Under a quid pro quo theory,

> a plaintiff must show: (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the employee's reaction to harassment complained of affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment; and (5) respondeat superior.

*Mangrum v. Republic Indus., Inc.*, 260 F. Supp. 2d 1229, 1248 (N.D. Ga.), aff'd, 88 F. App'x 390 (11th Cir. 2003). While Plaintiff alleges she suffered a tangible employment action via her termination, Am. Compl. 149, she pleads insufficient facts to link her purported reaction to a tangible employment aspect. To the contrary, Plaintiff explicitly and exclusively contends that she was terminated on the basis of her disability. (Am. Compl. ¶¶167, 178-79, 188, 204). Plaintiff points to no other effects on her employment except an allegation that Ms. Shahar impliedly requested sexual favors from her in exchange for stopping a meeting with the City of Atlanta's Human Resources Department. (Am. Compl. ¶¶81-86). Even if Plaintiff could substantiate this allegation (which Ms. Shahar unequivocally denies), meeting with the City of Atlanta's Human Resources Department does not affect the tangible aspects of Plaintiff's employment "like hiring, firing, promotion, compensation, and work assignment[s]." *Mangrum*, 260 F. Supp. 2d at 1246.

Finally, to the extent Plaintiff's Amended Complaint can be construed to seek relief for retaliation under her Section 1983 claim, Am. Compl. ¶ 1, the

Eleventh Circuit does not recognize such a claim. *Owens v. Jackson Cty. Bd. of Educ.*, 561 F. App'x 846, 848 (11th Cir. 2014) (holding "a claim of gender-based retaliation 'simply does not implicate the Equal Protection Clause.'") (internal citations omitted). Any reading of Plaintiff's Amended Complaint that includes a *quid pro quo* theory of liability must, therefore, fail as it lacks the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> 2. *Plaintiff Likewise Fails to Plead An Element of an Unlawful Discrimination Theory of Liability.*

To make a *prima facie* case for unlawful discrimination, a plaintiff must show she is a "member of a protected class, that she suffered an adverse employment action, and that she was qualified for the job in question, [and] was treated less favorably than 'similarly situated' individuals outside her class." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1221 (11th Cir. 2019). Here, Plaintiff conclusorily skims over the fourth requirement, thus flunking the federal pleading notice requirements under *Iqbal* and *Twombly*. In passing, Plaintiff asserts that "Ms. Shahar did not take similar actions against men in the department." (Am. Compl. ¶ 146). However, Plaintiff points to no facts regarding men in the City's Law Department to support such an allegation, much less to similarly-situated

men. The Court need not accept such conclusory allegations as true when they are couched as sweeping allegations, as they are here. *See Iqbal*, 556 U.S. at 678.

### D. Plaintiff's Claim Against Ms. Shahar in her Individual Capacity Fails as a Matter of Law Because Only a Decisionmaker Can be Held Personally Liable.

In her prior Motion for Judgment on the Pleadings, Ms. Shahar argued that she could not face liability as a matter of law. The Court declined to consider that argument due to its appearance in a footnote. Ms. Shahar now directly requests that the Court dismiss Plaintiff's claim against her in her individual capacity on this alternative basis.

Only the City Attorney and Human Resources Commissioner are authorized to make employment decisions respecting the City of Atlanta Law Department employees' FMLA authorization, fitness for duty, and terminations. *See* Atlanta Charter §3-301(c)-(d); Atlanta Code of Ordinances §§ 2-231; 2-397; 114-380. Under 42 U.S.C. § 1983, an employee cannot be held individually liable for alleged adverse employment actions unless she was the official decisionmaker thereof. *See Kamensky v. Dean*, 148 Fed.Appx. 878, 879 (11th Cir. 2005):

> A 'decisionmaker' is someone 'who has the power to make official decisions and, thus, be held individually liable.' A 'decisionmaker' may often be identified by a rule or by examining the statutory authority of the official alleged to have made the decision. In the termination context, a 'decisionmaker' has the power to terminate an employee, not merely the power to recommend termination.

9

*Id.* (quoting *Quinn v. Monroe County*, 330 F.3d 1320, 1326-1328 (11th Cir. 2003)). As such, even if Ms. Shahar was involved in those decisions, no claim could be brought against her in her individual capacity as a matter of law. More importantly, though Plaintiff conclusorily alleges that Ms. Shahar was her supervisor, she does not claim that Ms. Shahar made the decision to fire her. (Am. Compl. ¶¶ 10, 131, 136, 167, 178-79, 188, 204). At best, Plaintiff merely hints that Ms. Shahar somehow influenced the City of Atlanta's termination decision. (Am. Compl. ¶¶ 1, 114, 137, 145, 149). Such insinuations are insufficient to meet the federal pleading requirements; all claims against Ms. Shahar should be dismissed with prejudice.

### III. **CONCLUSION**

Plaintiff's failure to meet the federal pleading requirements are belied by her legal conclusions disguised as fact and conflation of legal theories. When Plaintiff's allegations are properly parsed, her claim against Ms. Shahar cannot stand. Therefore, Ms. Shahar respectfully requests that the Court grant her motion for judgment on the pleadings and dismiss Plaintiff's Complaint in its entirety against her, with prejudice.

Respectfully submitted this 10th day of September, 2019.

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ Suzanne T. Lewis
David E. Gevertz, GA Bar No. 292430
Hannah E. Jarrells, GA Bar No. 784478
Suzanne T. Lewis, GA Bar No. 166693
3414 Peachtree Road, NE, Ste 1600
Atlanta, GA 30326
Telephone: 404-221-6512
Facsimile: 678-406-8816
Email: dgevertz@bakerdonelson.com
            hjarrells@bakerdonelson.com
            slewis@bakerdonelson.com

*Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Romans, 14 point) approved by the Court in Local Rule 5.1(C) and 7.1(D).

Respectfully submitted this 10th day of September, 2019.

/s/ Suzanne T. Lewis
Suzanne T. Lewis
GA Bar No. 166693

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document by filing the same using the Court's ECF system, which will automatically send notification to the following attorneys of record:

Cheryl B. Legare, Esq.  
Legare, Attwood and Wolfe, LLC  
125 Clairemont Avenue, Suite 380  
Decatur, GA 30030  
cblegare@law-llc.com

Lisa C. Lambert, Esq.  
Law Office of Lisa C. Lambert  
245 N. Highland Avenue, Ste 230-139  
Atlanta, GA 30307  
lisa@civil-rights.attorney

Respectfully submitted this 10th day of September, 2019.

/s/ Suzanne T. Lewis  
Suzanne T. Lewis  
GA Bar No. 166693

*Attorney for Defendants*