IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARA BAINES,

    Plaintiff,

       v.

CITY OF ATLANTA, GEORGIA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:19-CV-279-TWT

## ORDER

This is an employment discrimination action. Plaintiff Tamara Baines filed this employment discrimination action on January 15, 2019. Plaintiff asserts a claim under 42 U.S.C. § 1983 alleging that Defendants City of Atlanta (the "City") and Robin Shahar harassed her and discriminated against her because of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. She alleges further that the City discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. Finally, she alleges that the City unlawfully interfered with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq. and retaliated against her for attempting to exercise those rights. It is

before the Court on the Report and Recommendation [Doc. 299] of the Magistrate Judge recommending that the Defendant City of Atlanta's Motion for Summary Judgment [Doc. 248] should be granted in part and denied in part, that the Defendant Shahar's Motion for Summary Judgment [Doc. 250] should be granted, and that the Plaintiff's Motion for Summary Judgment [Doc. 246] should be denied.

The City of Atlanta objects to the portion of the Report and Recommendation declining to grant summary judgment as to the Plaintiff's Title VII claims based upon the Plaintiff's failure to exhaust administrative remedies. The Defendant claims that Plaintiff failed to exhaust her administrative remedies because her March 3, 2017 EEOC charge (the first she filed after December 6, 2016, when she stopped working in the office) did not allege sexual harassment. The EEOC charge included various boxes Plaintiff could check to allege "discrimination based on . . ." The categories included race, color, sex, religion, national origin, retaliation, age, disability, genetic information and other. The directions instructed Plaintiff to "check appropriate boxes," and she chose to check only the disability box. She did not check the box for "sex." She also did not place a time period in the place on the charge to indicate the dates of the actions; thus, there was no indication that Plaintiff wanted to take action on anything that occurred prior to December 6, 2016.

In the part of the charge where Plaintiff could use her

2

own language to describe the issue, Plaintiff—who is a lawyer—wrote

nothing about sex or sexual harassment; she wrote the following:

I.   I work for the City of Atlanta Law Department as an attorney. On December 6th, 2016, I went out on medical leave due to harassment at the workplace triggering effects on my disability. When I was out on leave, the City required me to work on cases, threatening that I would be fired if I did not. When I attempted to return to work, the City would not let me.

II.  The employer stated I was not allowed to return to work because it did not believe my doctor that I was fit to return to work.

III. I believe I was discriminated (sic) in violation of the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964.

Although the word "harassment" is in the charge, that is

included as background information (not a substantive claim),

and there is no indication that Plaintiff referred to sexual

harassment (as opposed to disability or general harassment).

Although there is an allegation of a Title VII violation, there is no indication

Plaintiff was alleging sex (as opposed to race, color, religion,

or national origin). On the face of the charge, there is no basis for the EEOC,

the City, or the Court to read the words "harassment" or "Title VII" to have

anything to do with sex.

Plaintiff's November 3, 2017 "amendment" to her March 2017 EEOC

charge cannot cure her failure to exhaust administrative

remedies regarding sexual harassment in her March 3, 2017

charge. Plaintiff testified that the last day Robin Shahar sexually

harassed her was on December 6, 2016. Thus, the amendment did not occur within 180 days of the last potential harassment. Second, an amendment can only cure technical defects in the original charge (such as the failure to verify a charge), or it can clarify or amplify claims actually raised in the original charge. *Fairchild v. Forma Sci.*, 147 F.3d 567, 574 (7th Cir. 1998). But an amendment cannot add brand new causes of action that relate back to the date of the original charge. See Fairchild, 147 F.3d at 575 (determining that a plaintiff's "amended" charge to add an age claim did not relate to or grow out of an original charge, alleging disability discrimination, and noting the original charge did not allege facts about age). Here, because Plaintiff's original charge did not allege sexual harassment (by checking the box or by factual description), and her belated November 2017 charge does not relate back to the date of the original charge, Plaintiff's Title VII sexual harassment claims against the City are barred.

In *Ortiz v. Waste Mgmt., Inc.*, 808 Fed. Appx. 1010 (11th Cir. 2020) (unpublished), the Eleventh Circuit affirmed the dismissal of a male plaintiff's Title VII suit for retaliation and for a hostile work environment, alleging that had he been female, his employer would have taken his complaints more seriously. In his EEOC charge, Ortiz checked the box for "retaliation" and for "other(specify below)" but did not check the box for "sex." *Ortiz*, 808 Fed. Appx. at 1012-1013. In describing the issues in the EEOC charge and in his

"Discrimination Statement," the plaintiff alleged he was "retaliated against for constantly complaining about having my rights and dignity violated by [my co-worker]," and that the co-worker had recorded and circulated a video of the plaintiff seated naked on the toilet. The plaintiff also asserted that he believed he had been harassed, subjected to a hostile work environment, and retaliated against in violation of Title VII. Id. But the plaintiff's use of the words "Title VII" and "hostile work environment" did not exhaust a sexual harassment claim. The Eleventh Circuit explained, "in determining whether a complaint falls within the scope of the EEOC charge, we consider whether the complaint is 'like or related to, or grew out of, the allegations contained in the EEOC charge.'" *Id.* at 1014. The court explained, "judicial claims that merely 'amplify, clarify, or more clearly focus' the allegations in the EEOC charge are permissible; but a judicial complaint may not assert 'allegations of new acts of discrimination.'" *Id.* The Ortiz Court held that the plaintiff's EEOC charge did not contain factual allegations that could be reasonably construed as a complaint about actions based on his sex and, therefore, his suit about sex discrimination constituted a claim in addition to and significantly altering the claim in his EEOC charge. *Id.* Likewise, here, Plaintiff's current allegations related to her sex are not ones raised in her March 2017 EEOC charge. Here, after reviewing Plaintiff's

charge, the City did not have notice that Plaintiff was alleging sexual harassment. Indeed, the City's position statement responding to that charge contained no reference to sexual harassment. Therefore, Plaintiff failed to exhaust administrative remedies regarding that claim. The City's Objections to the Magistrate Judge's recommendation on the FMLA interference claim are without merit.

The Plaintiff objects to the Report and Recommendation to the extent that it recommends that her claim against the Defendant Shahar is barred by the two year statute of limitations. It is undisputed that the Plaintiff never returned to work after December 6, 2016. She did not file her Complaint until January 15, 2019. The Magistrate Judge correctly concluded that Plaintiff's post-January 15, 2017 allegations bear little relation to the hostile work environment she alleges prior to that date and, in any event, are not the type of severe or pervasive intimidation, ridicule, or insult that may form the basis of a hostile work environment claim. *See Stewart v. Jones Utility & Contracting Co.*, 806 F. App'x 738, 742 (11th Cir. 2020)(finding that a plaintiff who alleged a hostile work environment was no longer part of a "'work' environment" after termination). The 2017 incidents simply do not amount to actionable acts of sex-based intimidation, ridicule, or insult. Merely assigning or withdrawing assignments of work tasks is a commonplace office event. While these assignments might have technically intruded into Plaintiff's protected medical

leave, the assignments are not, by themselves, insulting or hostile on the basis of gender. Indeed, it appears undisputed that Shahar did not even have direct contact with Plaintiff during this time. Because Plaintiff presented no evidence of actionable conduct taking place within the applicable two-year limitations period, that is, on or after January 15, 2017, the Defendant Shahar is entitled to summary judgment on Plaintiff's § 1983 claims.

The Plaintiff objects to the recommendation to grant summary judgment on the Plaintiff's ADA failure to accommodate claim. The Magistrate Judge correctly concluded that the City continued Plaintiff on paid administrative leave to allow further recovery and/or give Plaintiff an opportunity to demonstrate recovery in the form of a fitness-for-work clearance, and alternatively also offered to facilitate applications for job transfer. Under the circumstances, this was a reasonable accommodation. Whether this would have ultimately allowed the Plaintiff to return to her job may not be known because she was terminated for practicing law while on paid administrative leave. The Plaintiff has failed to show that any actions taken by the City were in retaliation for protected activity or pretextual.

To hold a city liable under Section 1983, a plaintiff must establish that her rights were violated pursuant to a "custom" or "policy" of that city. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690-91 and fn. 7 (1978) (allowing suit against a government entity that had an official

policy of requiring pregnant women to take unpaid leave before they were medically unable to work). Here, if anyone sexually harassed Plaintiff, that would have been against City Policy—not pursuant to City Policy. Plaintiff claims various managers in the Law Department knew of alleged sexual harassment against her. But as this Court previously explained, establishing that managers knew about a harasser's actions but did  nothing will not impute Section 1983 liability. *Oliviera v. City of Atlanta, Georgia, et al.*, Civil Action No. 1:14-cv-0708-CC-JSA (N.D. Ga. August 4, 2016). Therefore, the City is entitled to summary judgment with respect to the Plaintiff's Section 1983 claims.

The Court declines to adopt the portion of the Report and Recommendation regarding the Plaintiff's failure to exhaust her administrative remedies with respect to her Title VII claim. Otherwise, the Court approves and adopts the Report and Recommendation as the judgment of the Court. The City's Motion for Summary Judgment [Doc. 248] is GRANTED in part and DENIED in part. The Defendant Shahar's Motion for Summary Judgment [Doc. 250] is GRANTED. The Plaintiff's Motion for Summary Judgment [Doc. 246] is DENIED.

SO ORDERED, this ____4th____ day of March, 2022.

THOMAS W. THRASH, JR.
United States District Judge

8